OPINION *Page 2 
{¶ 1} On June 3, 2006, appellant, Thomas Gregg Wilson, was arrested and confined in jail in lieu of bail. On June 5, 2006, appellant was charged with domestic violence in violation of R.C. 2919.25, assault in violation of R.C. 2903.13, and aggravated menacing in violation of R.C.2903.21. Said charges arose from an incident involving appellant and his wife, Susan Wilson. Ms. Wilson went to appellant's sporting goods store looking for missing money. Appellant discovered Ms. Wilson in the store. Allegedly, Ms. Wilson picked up a baseball bat and started swinging, destroying merchandise. An altercation ensued when appellant tried to stop Ms. Wilson's actions.
 {¶ 2} Appellant posted bail on June 6, 2006, but was not released until June 8, 2006 due to a delay in setting up electronically monitored house arrest which was a condition of his bail. Appellant did not have work release privileges.
 {¶ 3} On July 17, 2006, the trial court eliminated the electronically monitored house arrest condition.
 {¶ 4} A jury trial commenced on August 15, 2006. The jury found appellant guilty as charged. By judgment entry filed August 15, 2006, the trial court sentenced appellant to a total aggregate sentence of thirty days in jail, with three days credit for time served in lieu of bail. Appellant was given work release privileges.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO REMOVE A PROSPECTIVE JUROR FOR CAUSE, THUS DEPRIVING THE *Page 3 
DEFENDANT-APPELLANT OF HIS RIGHT TO A FAIR AND IMPARTIAL JURY AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 1, ARTICLE 10 OF THE OHIO CONSTITUTION."
 II {¶ 7} "THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO INSTRUCT THE JURY TO DISREGARD HIGHLY PREJUDICIAL AND INADMISSIBLE TESTIMONY ELICITED BY THE PROSECUTOR AND THEREBY VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS AND FUNDAMENTAL FAIRNESS GUARANTEED BY THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION."
 III {¶ 8} "THE TRIAL COURT ERRED BY FAILING TO GIVE PROPER CREDIT TO REDUCE THE TERM OF THE JAIL SENTENCE WITH WORK RELEASE PRIVILEGES BY THE NUMBER OF DAYS SERVED IN JAIL IN LIEU OF BAIL AND, OR, UNDER A TERM OF ELECTRONICALLY MONITORED CONFINEMENT WITHOUT WORK RELEASE PRIVILEGES; THEREBY, VIOLATING APPELLANT'S RIGHTS AS GUARANTEED UNDER THE FIFTH,EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 9 AND 10 OF THE OHIO CONSTITUTION AND R.C. § 2949.08(C)."
 IV {¶ 9} "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND *Page 4 FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION."
 V {¶ 10} "CUMULATIVE ERROR DURING THE COURSE OF THE PROCEEDINGS PREJUDICED THE APPELLANT'S SUBSTANTIAL RIGHTS UNDER THE FIFTH, SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATE (SIC) CONSTITUTION AND ARTICLE1, SECTION 10 OF THE OHIO CONSTITUTION."
 I {¶ 11} Appellant claims the trial court erred in not excusing prospective juror Charlene Noman for cause. We disagree.
 {¶ 12} Removing a juror for cause lies in the trial court's sound discretion. State v. Comwell (1999), 86 Ohio St.3d 560. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217. Crim.R. 24(C) governs trial jurors, challenge for cause, and states the following:
 {¶ 13} "A person called as a juror may be challenged for the following causes:
 {¶ 14} "(1) That the juror has been convicted of a crime which by law renders the juror disqualified to serve on a jury.
 {¶ 15} "(2) That the juror is a chronic alcoholic, or drug dependent person.
 {¶ 16} "(3) That the juror was a member of the grand jury that found the indictment in the case. *Page 5 
 {¶ 17} "(4) That the juror served on a petit jury drawn in the same cause against the same defendant, and the petit jury was discharged after hearing the evidence or rendering a verdict on the evidence that was set aside.
 {¶ 18} "(5) That the juror served as a juror in a civil case brought against the defendant for the same act.
 {¶ 19} "(6) That the juror has an action pending between him or her and the State of Ohio or the defendant.
 {¶ 20} "(7) That the juror or the juror's spouse is a party to another action then pending in any court in which an attorney in the cause then on trial is an attorney, either for or against the juror.
 {¶ 21} "(8) That the juror has been subpoenaed in good faith as a witness in the case.
 {¶ 22} "(9) That the juror is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from the examination of the juror or from other evidence, that the juror will render an impartial verdict according to the law and the evidence submitted to the jury at the trial.
 {¶ 23} "(10) That the juror is related by consanguinity or affinity within the fifth degree to the person alleged to be injured or attempted to be injured by the offense charged, or to the person on whose complaint the prosecution was instituted; or to the defendant. *Page 6 
 {¶ 24} "(11) That the juror is the person alleged to be injured or attempted to be injured by the offense charged, or the person on whose complaint the prosecution was instituted, or the defendant.
 {¶ 25} "(12) That the juror is the employer or employee, or the spouse, parent, son, or daughter of the employer or employee, or the counselor, agent, or attorney, of any person included in division (C)(11) of this rule.
 {¶ 26} "(13) That English is not the juror's native language, and the juror's knowledge of English is insufficient to permit the juror to understand the facts and the law in the case.
 {¶ 27} "(14) That the juror is otherwise unsuitable for any other cause to serve as a juror.
 {¶ 28} "The validity of each challenge listed in division (C) of this rule shall be determined by the court."
 {¶ 29} Juror Noman expressed some concern about serving because "[t]oday is a very busy day, I'm a secretary at a school and the opening is in two and a half weeks * * *." Lines 66-67, Typewritten Transcript of Videotape Proceedings, attached to Appellant's Brief as Appendix A. Defense counsel challenged Juror Noman for cause because "[s]he indicated that she was very concerned about school and possibly couldn't be fair." Line 115. The trial court found this was not a valid challenge for cause because Juror Noman did not indicate she could not be fair:
 {¶ 30} "I don't think she indicated she couldn't be fair. I think she indicated, the question was, I can't remember exactly, I think part of the question was `are you perfectly happy to be here?' And she stumbled over that. Because I not sure she is *Page 7 
perfectly happy as is anybody to be here but there was no indication that she couldn't sit here so I will overrule your challenge for cause there." Lines 116-119.
 {¶ 31} Upon review, we find the trial court did not abuse its discretion in not excusing Juror Noman for cause.
 {¶ 32} Assignment of Error I is denied.
 II {¶ 33} Appellant claims the trial court erred in failing to instruct the jury to disregard certain "highly prejudicial" testimony. We disagree.
 {¶ 34} Appellant did not object to the trial court's jury instructions. Based upon appellant's failure to object to the instructions and bring the issue to the trial court's attention for consideration, we must address this assignment under the plain error doctrine. State v. Williford (1990), 49 Ohio St.3d 247. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, at paragraph three of the syllabus.
 {¶ 35} The victim sub judice, appellant's wife, Susan Wilson, testified she had "been abused many times," appellant lost his job because of a DUI, appellant's presence caused her to be fearful "with the past history of abuse," and the abuse in the past was related to alcohol abuse. Lines 810-811, 865-867, 904, 1957-1967.
 {¶ 36} No objections were made to these statements therefore, we cannot fault the trial court for not giving any curative instructions. In fact, Ms. Wilson's last *Page 8 
statements pertaining to alcohol abuse were made in response to the trial court's own questions. In addition, under Evid.R. 404(B), prior conduct may be admissible:
 {¶ 37} "(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 38} Further, appellant's defense was that he was not a violent person and it was not his intention to hurt his wife, as he was merely defending himself and the merchandise from Ms. Wilson's wild swings of the baseball bat. Lines 1818-1830.
 {¶ 39} Upon review, we do not find any plain error in the record to warrant a reversal.
 {¶ 40} Assignment of Error II is denied.
 III {¶ 41} Appellant claims the trial court failed to properly give him credit for time served. We agree in part.
 {¶ 42} R.C. 2949.08 governs confinement of convicts, reduction of sentence for confinement prior to conviction. Subsection (C)(1) states the following:
 {¶ 43} "If the person is sentenced to a jail for a felony or a misdemeanor, the jailer in charge of a jail shall reduce the sentence of a person delivered into the jailer's custody pursuant to division (A) of this section by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial, *Page 9 
confinement for examination to determine the person's competence to stand trial or to determine sanity, and confinement while awaiting transportation to the place where the person is to serve the sentence."
 {¶ 44} The trial court credited appellant with three days. Appellant argues he deserves two extra days credit for time served in jail while awaiting the hookup for electronically monitored house arrest. Appellant argues he is entitled to jail time credit from June 3, 2006 to June 8, 2006. We concur appellant is entitled to five days credit for this time period.
 {¶ 45} Appellant also argues he should be credited with an additional forty-one days for pretrial detention under the electronically monitored house arrest. Appellant argues his in-house monitoring was akin to confinement under R.C. 2967.191 because he was not granted work release privileges. While appellant acknowledges this court's position that electronically monitored house arrest does not equal confinement, he argues his monitoring at home without work release was greater confinement than a person who serves time in jail with work release.
 {¶ 46} We note appellant assented to the terms and conditions of the in-house electronic monitoring in order to secure his release, along with a bond, from jail. See, Judgment Entry for Non-Residential Community Control Sanction, signed by appellant on June 7, 2006. This agreement at ¶ 3 permitted work release hours if "verified and approved by the Probation Officer."
 {¶ 47} Upon review, we find the trial court did not err in denying appellant credit for forty-one days, as appellant's pretrial in-house detention did not rise to the level of confinement. *Page 10 
 {¶ 48} Assignment of Error III is sustained in part for the two extra days of credit. The forty-one days for pretrial in-house detention was not confinement, and the assignment is denied as to these days.
 IV {¶ 49} Appellant claims his trial counsel was ineffective and prejudiced his right to a fair trial. We disagree.
 {¶ 50} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 51} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 52} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 53} In his brief at 17, appellant argues his trial counsel was ineffective for the following reasons:
 {¶ 54} "Appellant contends that his trial counsel was ineffective because she failed to submit in writing jury instructions on defense of his property or self defense, she did this orally in chambers and was denied, but she did not pursue the issue with a *Page 11 
written jury instruction or object; she admitted to the jury in opening statement that this was her first jury case and she was inexperienced; there was numerous failures to object to leading and repetitive questioning by prosecution and allowing the prosecution's witness to ramble with objectionable answers; failure to institute a legitimate trial strategy; failed to pursue inconsistencies in victim's account; blundered cross examination of witnesses; permitted without objecting a former questionable conviction of the defendant; permitted without objection testimonial 911 tapes to be introduced into evidence; failed to introduce evidence of sole ownership of the business that the complaining witness was destroying. It is also apparent that the complaining witness had completely indoctrinated her two sons into giving damaging and false testimony that was not properly cross examined by counsel."
 {¶ 55} First, appellant argues his counsel was tired and this was her first jury trial. Lines 57-61. The fact that this case was counsel's first jury trial does not equate to ineffective assistance of counsel. Every attorney has to have a first jury trial. Often by telling the jurors, counsel is attempting to gain their support and encouragement. Further, it appears from the docket that trial counsel was not appointed by the trial court, but was in fact retained by appellant. Appellant cannot fault the inexperience of his own choice of attorney.
 {¶ 56} Second, appellant argues there was no trial strategy. We disagree as the opening statements illustrate. Defense counsel stated the case was not about an assault, but about "the end of a bad marriage and money." Lines 410-411. Defense counsel also argued the altercation was mutual combat as opposed to an assault, with Ms. Wilson flinging the baseball bat around "trashing the display racks knocking things *Page 12 
down and when she realized that upset him she did it more * * *" Lines 440-443. Defense counsel stated appellant "did what any reasonable person would have done in that circumstance, he grabbed her and removed the bat from her and in the process they fell on to the ground and that's what the evidence will show that he did not try to hurt her for the sake of hurting her to control her behavior but merely to protect the merchandise in his store." Lines 444-447.
 {¶ 57} Third, appellant argues his trial counsel should have objected to the evidence of his prior DUI conviction, prior acts of violence, and the "911" tape. As we noted in Assignment of Error II, admission of the "other acts" evidence qualified under Evid.R. 404(B). The "911" tape is essentially the excited utterance of a witness and part of the "res gestae" of the offense. The caller, the parties' son, Zach Wilson, testified at trial and substantiated the call. Line 1209-1212.
 {¶ 58} Fourth, appellant argues his trial counsel was deficient in cross-examining Ms. Wilson and their sons. We have reviewed the respective cross-examinations and do not find them to be deficient. Defense counsel questioned Ms. Wilson regarding her ownership interest in the store, her motive for going to the store, her actions in pillaging the store, the severity of her injuries, and her failure to seek medical help. Lines 861-884, 897-898, 905-920, 954-965, 972-981.
 {¶ 59} The parties' sons, Zach, age 14, and Andrew, age 12, testified at trial. Both children, although they admitted they all had bats and threw merchandise at appellant, claimed their father grabbed their mother. Lines 1070-1071, 1072-1074, 1317-1323. They also testified under cross-examination that their mother's actions made their father mad. Lines 1389-1391. Defense counsel cross-examined Andrew on *Page 13 
a prior written statement. Lines 1334-1351. Andrew admitted that appellant grabbed his mother to stop her from trashing the store. Lines 1395-1396. The record belies appellant's complaint about his trial counsel's deficient cross-examination.
 {¶ 60} Lastly, appellant argues his trial counsel did not perfect the request for a "defense of property" jury instruction. We find given the joint ownership of the store as established in the record, such a jury charge would not have been appropriate. Lines 626-637.
 {¶ 61} Upon review, we find no deficiency on the part of appellant's trial counsel.
 {¶ 62} Assignment of Error IV is denied.
 V {¶ 63} Appellant claims the cumulative affect of errors above necessitates reversal of his conviction. While we have seen this issue raised in prior appeals, this appellate court has yet to embrace the argument of the "straw that broke the camel's back," necessitating reversal.
 {¶ 64} Assignment of Error V is denied. *Page 14 
 {¶ 65} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed in part and reversed in part.
 Farmer, J., Hoffman, P.J., and Edwards, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court to credit appellant for time consistent with this opinion. *Page 1