[Cite as *State v. Harris*, 2023-Ohio-1426.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

ISAIAH HARRIS

    Appellant

C.A. Nos.    22CA011887
    22CA011890

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    08CR076357
    08CR075721
    08CR077230

DECISION AND JOURNAL ENTRY

Dated: May 1, 2023

HENSAL, Judge.

{¶1} Isaiah Harris appeals an order of the Lorain County Court of Common Pleas that denied his petition for postconviction relief. This Court affirms.

I.

{¶2} In 2009, Mr. Harris was convicted of rape, aggravated burglary, intimidation, domestic violence, and violating a protection order. The charges against him arose from three incidents involving the same victim, and the cases were consolidated into a single bench trial. The trial court sentenced him to 23 1/2 years in prison. Mr. Harris appealed, and this Court affirmed his convictions. *State v. Harris*, 9th Dist. Lorain Nos. 09CA009605, 09CA009606, 09CA009607, 2010-Ohio-1081. On July 15, 2022, Mr. Harris petitioned the trial court for postconviction relief. The trial court dismissed his petition without a hearing. Mr. Harris appealed, raising four assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED [MR. HARRIS'S] PETITION WITHOUT AN EVIDENTIARY HEARING OR [FINDINGS OF FACT] AND CONCLUSION[S] OF LAW.

**{¶3}** In his first assignment of error, Mr. Harris argues that the trial court erred by dismissing his petition for postconviction relief without a hearing and by doing so without issuing findings of fact and conclusions of law. This Court does not agree.

**{¶4}** Revised Code Section 2953.21(A)(2)[1] provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. The transcript in Mr. Harris's direct appeal was filed on September 28, 2009, but he filed his petition on July 15, 2022, well after the deadline provided by Section 2953.21(A)(2) passed.

**{¶1}** "A petitioner * * * who files a petition more than 365 days after the trial transcript was filed in the court of appeals in his direct appeal * * * must satisfy the jurisdictional requirements in R.C. 2953.23(A)(1) or (2) for an untimely, second, or successive petition for postconviction relief." *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 37, citing *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, ¶ 20. *See also State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 22. A trial court may only entertain an untimely or successive petition for postconviction relief when:

> Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for

---

[1] Mr. Harris filed his petition on July 15, 2022, so the versions of the postconviction statutes effective on that date apply in this case. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6. *See also State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016-Ohio-7470, ¶ 11 (explaining that "the triggering event is the filing of the postconviction petition, which determines the applicable version of the statute.").

relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

R.C. 2953.23(A)(1)(a).[2]  A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]"  R.C. 2953.23(A)(1)(b).  When the requirements of Section 2953.23(A)(1) have not been met, a trial court cannot consider an untimely or successive petition.  *See Apanovitch* at ¶ 36.  "[W]hether a trial court has subject-matter jurisdiction to entertain an untimely, second, or successive petition for postconviction relief is a question of law, which we review de novo." *Hatton* at ¶ 38.

{¶2}    In this case, Mr. Harris argues that his petition was timely filed because he was unavoidably prevented from discovering evidence that forms the basis for his claims for relief under *Brady v. Maryland*, 373 U.S. 83 (1963).  Specifically, Mr. Harris maintains that a number of police reports documenting occasions when the victim falsely alleged he had committed other offenses against her were not disclosed by the State.  Mr. Harris acknowledges that his defense attorney had the reports by the time his trial commenced.  Nonetheless, he argues that the State's failure to produce the evidence meets the standard articulated in Section 2953.23(A)(1)(a) under *Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783.

{¶3}    In *Bethel*, the defendant claimed that an investigation report that had been suppressed by the State indicated that someone else committed the offenses.  *Id*. at ¶ 2.  The defendant moved leave to file a motion for a new trial and filed a successive petition for

---

[2] The exception provided by Section 2953.23(A)(2) is not at issue in this case.

postconviction relief based on the alleged *Brady* violation. The trial court determined that it did not have jurisdiction to consider the petition for postconviction relief, and the court of appeals affirmed that decision. *Id*. at ¶ 15.

{¶4} The Supreme Court noted that in order to meet the standard articulated in Section 2953.23(A)(1)(a), "courts in Ohio have previously held that a defendant ordinarily must show that he was unaware of the evidence he is relying on and that he could not have discovered the evidence by exercising reasonable diligence." *Id.* at ¶ 21. Observing that the court of appeals rejected the defendant's arguments because "[the defendant] should have conducted his own investigation to discover" the existence of the information at issue, the Supreme Court concluded that the burden placed upon the defendant by the lower courts "[was] inconsistent with *Brady*." *Id*. at ¶ 23-24. The Supreme Court rejected the requirement that a defendant exercise due diligence in *Brady* cases, holding that "when a defendant seeks to assert a *Brady* claim in an untimely or successive petition for postconviction relief, the defendant satisfies the 'unavoidably prevented' requirement contained in R.C. 2953.23(A)(1)(a) by establishing that the prosecution suppressed the evidence on which the defendant relies." *Id.* at ¶ 25.

{¶5} Mr. Harris's petition is distinguishable from the one at issue in *Bethel*, however, because he acknowledges that he had all of the information upon which his petition relies at the time of his trial. Although *Bethel* rejected application of a due-diligence standard under Section 2953.23(A)(1)(a), it did not excuse untimely petitions when the defendant is in possession of the evidence in question. *See Bethel* at ¶ 21. *Compare United States v. Agurs*, 427 U.S. 97, 103 (1976) (noting that a *Brady* violation involves "the discovery, after trial[,] of information which had been known to the prosecution but unknown to the defense."). Mr. Harris, therefore, did not demonstrate that he was unavoidably prevented from discovering the facts upon which his petition

relies. *See* R.C. 2953.23(A)(1)(a). His petition for postconviction relief was, therefore, untimely. *See* R.C. 2953.21(A)(2).

{¶6} Mr. Harris has also argued that the trial court erred by failing to issue findings of fact and conclusions of law and by failing to conduct a hearing on his petition. Section 2953.21(H) requires trial courts to "make and file findings of fact and conclusions of law" when they "do[ ] not find grounds for granting relief[.]" When a trial court dismisses an untimely petition for postconviction relief, however, findings of fact and conclusions of law are not required. *State ex rel. Ashipa v. Kubicki*, 114 Ohio St.3d 459, 2007-Ohio-4564, ¶ 4. "This rule applies even when the defendant * * * claims, under R.C. 2953.23, that he was unavoidably prevented from discovery of the facts to present his claim for post-conviction relief." *Id*. quoting *State ex rel. Hach v. Summit Cty. Court of Common Pleas*, 102 Ohio St.3d 75, 2004-Ohio-1800, ¶ 9. Similarly, the trial court was not required to conduct a hearing on the motion. *See State v. Sparks*, 9th Dist. Summit No. 27292, 2014-Ohio-5017, ¶ 10.

{¶7} The trial court did not err by dismissing Mr. Harris's petition for postconviction relief or by doing so without issuing findings of fact and conclusions of law. Mr. Harris's first assignment of error is overruled.

## ASSIGNMENTS OF ERROR II, III, AND IV

PETITIONER'S TRIAL & APPELLATE COUNSELS WERE CONSTITUTIONALLY INEFFECTIVE WHERE COUNSEL FAILED TO BRING PETITIONER AWARE OF: (2) THE EXISTENCE OF THE STATE'S [SECTION] 2953.21 POST-CONVICTION PROCEEDING; AND (3) THAT POST-CONVICTION WAS THE PROPER VEHICLE TO RAISE THE CONSTITUTIONAL QUESTION(S) THAT WAS DEPENDENT ON MATERIAL WHICH EXISTED OUTSIDE THE RECORD [AND] (4) TRIAL COUNSEL DID NOT ADHERE TO CRIM. R. 16'S RECIPROCAL DISCOVERY CLAUSE.

**{¶8}** Mr. Harris's second, third, and fourth assignments of error appear to argue that his trial and appellate attorneys were ineffective. Mr. Harris has not separately argued these assignments of error, however, and "[this] Court may disregard [them]" on that basis. App.R. 12(A)(2). *See also State v. Robinson*, 9th Dist. Summit No. 28982, 2019-Ohio-518, ¶ 3. To the extent that Mr. Harris's second, third, and fourth assignments of error allege error in connection with the trial court's order dismissing his petition, they are also moot. *See* App.R. 12(A)(1)(c).

III.

**{¶9}** Mr. Harris's first assignment of error is overruled. His second, third, and fourth assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ISAIAH HARRIS, pro se, Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.