[Cite as *State v. Dawson*, 2013-Ohio-1767.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26500 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY DAWSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 1991-07-1368B |

DECISION AND JOURNAL ENTRY

Dated: May 1, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Larry Dawson, appeals from the judgment of the Summit County Court of Common Pleas, denying his motion to correct a void sentence. This Court affirms.

I

{¶2} In July 1991 a jury convicted Dawson of: (1) aggravated murder; (2) felonious assault, with a firearm specification; (3) improper discharge of a firearm into a habitation, with firearm and physical harm specifications; and (4) drug abuse. The court sentenced Dawson to prison for: (1) twenty years to life for aggravated murder; (2) eight to fifteen years for felonious assault, plus three mandatory years for the firearm specification; (3) two years for improper discharge into a habitation; and (4) one year for drug abuse. The court merged the firearm specification attached to the improper discharge conviction with the firearm specification attached to the felonious assault.

{¶3} In October 1992, this Court affirmed Dawson's convictions. *State v. Dawson*, 9th Dist. No. 15483, 1992 WL 308549 (Oct. 21, 1992). Dawson filed several petitions for post-conviction relief and motions for a new trial. The trial court denied each, and this Court affirmed. *See State v. Dawson*, 9th Dist. No. 18216, 1997 WL 440937 (July 30, 1997); *State v. Dawson*, 9th Dist. No. 19179, 1999 WL 492600 (July 14, 1999).

{¶4} In March 2012, Dawson filed a motion to correct a void sentence, which the trial court denied. Dawson now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR RESENTENCING DUE TO A NON-FINAL APPEALABLE ORDER.

{¶5} In his sole assignment of error, Dawson argues that the trial court erred in not correcting his void sentencing entry because it is not a final, appealable order.

{¶6} The question of whether a judgment is void is distinct from the question of whether it is a final, appealable order. "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. A defendant may challenge a void judgment at any time. *See State v. Baker*, 9th Dist. No. 25024, 2010-Ohio-4329, ¶ 9. Dawson does not argue that the trial court lacked subject-matter jurisdiction. Instead, Dawson argues that his sentencing entry is not final because it fails to comply with Crim.R. 32(C).

{¶7} To be a final, appealable order a judgment of conviction must include a sentence and the fact of conviction. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, syllabus. "Moreover, we have previously concluded that 'a Journal Entry must dispose of all charges brought in a single case against a defendant in order to be final.'" *State v. Roberson*, 9th Dist.

No. 09CA009555, 2009-Ohio-6369, ¶ 6, quoting *State v. Goodwin*, 9th Dist. No. 23337, 2007-Ohio-2343, ¶ 13.

{¶8} The validity of Dawson's sentencing entry presents a question of law. *See State v. Abuhilwa*, 9th Dist. No. 26183, 2012-Ohio-3441, ¶ 5. We review questions of law de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992). When reviewing a matter de novo, this Court does not give deference to the trial court's decision. *State v. Barclay*, 9th Dist. No. 25646, 2011-Ohio-4770, ¶ 8.

{¶9} Former R.C. 2941.143 permitted the imposition of an indefinite prison term for third and fourth degree felonies where the "offender caused physical harm to any person or made an actual threat of physical harm to any person with a deadly weapon." An indefinite sentence was precluded unless "the indictment, count in the indictment, or information charging the offense" contained a physical harm specification as set forth in R.C. 2941.143, and the defendant was found guilty of such.

{¶10} Dawson was charged and convicted of the improper discharge of a firearm into a habitation, in violation of R.C. 2923.161, a felony of the third degree. Dawson was also convicted of the attendant physical harm specification. In its sentencing entry, the court sentenced Dawson to a definite prison term of two years for the improper discharge of a firearm, but did not mention the physical harm specification. Dawson now argues his sentence is not final because it fails to dispose of all the charges against him. *See Roberson* at ¶ 6.

> R.C. 2941.143 does not prescribe a term of incarceration in addition to the term on the underlying felony, but permits an indefinite term of incarceration to be imposed *on the underlying felony* where the defendant has been indicted, tried and convicted of the specification. * * * Thus, conviction on the specification under R.C. 2941.143 permits the imposition of a *greater* but not *additional* term of incarceration.

(Emphasis sic.) *State v. Witwer*, 64 Ohio St.3d 421, 426 (1992), fn. 4.

**{¶11}** Dawson was sentenced to two years on the underlying felony of improper discharge of a firearm into a habitation. Dawson's conviction of the physical harm specification did not permit the court to impose an additional prison sentence. *See id*. Dawson's sentencing entry disposes of all charges against him, and his argument that his sentencing entry is not a final, appealable order is without merit.

**{¶12}** It is well established law in Ohio that res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37; *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). Because Dawson's sentencing entry is a final, appealable order, any challenge to his term of imprisonment could have been raised in his direct appeal.

**{¶13}** We conclude that since the trial court did not act without subject matter jurisdiction, its judgment entry is not void. We further conclude that Dawson's sentencing entry disposes of all charges against him, is a final, appealable order, and any challenges to the length of his imprisonment is barred by the doctrine of res judicata.

**{¶14}** Dawson's sole assignment of error is overruled.

III

**{¶15}** Dawson's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT


MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.