[Cite as *State v. Marbury*, 2013-Ohio-5306.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CARLTON M. MARBURY

    Appellant

C.A. No.     26889

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 07 07 2265(B)

DECISION AND JOURNAL ENTRY

Dated: December 4, 2013

HENSAL, Judge.

{¶1} Carlton Marbury appeals a judgment of the Summit County Court of Common Pleas that denied his Motion to Correct Illegal or Void Sentence. For the following reasons, this Court affirms.

I.

{¶2} In 2009, a jury found Mr. Marbury guilty of trafficking cocaine and possession of cocaine, and the trial court sentenced him to ten years imprisonment. This Court upheld his convictions and sentence on appeal. In March 2013, Mr. Marbury filed a Motion to Correct Illegal or Void Sentence, arguing that he is entitled to a new sentencing hearing because his convictions are allied offenses. The trial court denied his motion. Mr. Marbury has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN APPELLANT WAS IMPROPERLY CHARGED FOR POSSESSION AND TRAFFICKING IN COCAINE, THE EVIDENCE IS INSUFFICIENT FOR CHARGES OF POSSESSION AND TRAFFICKING IN COCAINE.

{¶3} Mr. Marbury argues that he was merely a passenger in a car that contained drugs and that there was no evidence presented at trial that established that he had dominion and control over those drugs. He argues that his convictions for trafficking and possession of cocaine, therefore, were not supported by sufficient evidence. He also argues that, in light of his acquittal of a possession-of-marijuana charge that arose out of the same incident, he should have been acquitted of the cocaine-related offenses. According to Mr. Marbury, because the dominion-and-control element of possession of marijuana is the same as for possession of cocaine, the charges are allied offenses, and his acquittal of the marijuana charge should have resulted in his acquittal of the cocaine charges.

{¶4} The State contends that Mr. Marbury's arguments are barred by res judicata because he could have made them on direct appeal. In his reply brief, Mr. Marbury argues that the allied offenses error renders his sentence void, therefore, res judicata does not apply. This Court has held that "a trial court's failure to merge allied offenses does not result in a void sentence." *State v. Jones*, 9th Dist. Summit No. 26854, 2013-Ohio-3710, ¶ 7. Accordingly, Mr. Marbury's convictions and sentence are subject to the doctrine of res judicata. *Id.*

{¶5} Res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. On direct appeal, Mr. Marbury could have argued that his convictions are not supported by sufficient evidence and that his acquittal of the marijuana

charge entitled him to acquittal of the cocaine charges. We, therefore, conclude that his arguments are barred by the doctrine of res judicata. *Jones* at ¶ 8. Mr. Marbury's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT (SIC) CONVICTION CLEARLY VIOLATED HIS CONSTITUTIONAL RIGHT UNDER THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION DOUBLE JEOPARDY CLAUSE.

{¶6} Mr. Marbury argues that the State violated the constitutional protections against double jeopardy when it tried him a second time for trafficking and possession of cocaine. He also argues that, since the trafficking and possession of cocaine charges are allied offenses, his separate sentence for both is barred by double jeopardy.

{¶7} As with the arguments he advanced in support of his first assignment of error, Mr. Marbury could have made these arguments on direct appeal. Accordingly, they are barred by the doctrine of res judicata. *Ketterer* at ¶ 59. Mr. Marbury's second assignment of error is overruled.

III.

{¶8} The trial court correctly denied Mr. Marbury's Motion to Correct Illegal or Void Sentence. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

CARLTON M. MARBURY, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.