[Cite as *State v. Thomas*, 2014-Ohio-64.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 13CA010424 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD J. THOMAS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 93CR043635 |

DECISION AND JOURNAL ENTRY

Dated: January 13, 2014

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Richard Thomas appeals, pro se, from the entry of the Lorain County Court of Common Pleas denying his "motion to correct illegal void sentence pursuant to subject matter jurisdiction[.]" For the reasons set forth below, we affirm.

I.

{¶2} Mr. Thomas was indicted in April 1993 on one count of aggravated murder with an accompanying capital specification and an accompanying firearm specification, one count of attempted aggravated murder with an accompanying firearm specification, and one count of having weapons under disability. Ultimately, Mr. Thomas pleaded guilty to the charges and specifications. Mr. Thomas was sentenced to life with parole eligibility after serving 30 years plus 3 years actual incarceration for the firearm specification for the aggravated murder conviction, 10 to 25 years for the attempted murder conviction, and one and one half years for the conviction for having weapons while under disability. Mr. Thomas failed to appeal his

conviction. On June 10, 2013, Mr. Thomas filed a "motion to correct illegal void sentence pursuant to subject matter jurisdiction[,]" in which he asserted that (1) the trial court erred in accepting his plea without a written jury trial waiver; (2) the State failed to present sufficient evidence to support a conviction for aggravated murder at sentencing; (3) the trial court erred in failing to convene a three-judge panel to accept his plea or make findings; (4) the single judge failed to make certain findings at his plea hearing; and (5) the trial court illegally sentenced him to 10 to 25 years for the conviction of attempted aggravated murder. The trial court denied his motion without a hearing.

{¶3} Mr. Thomas has appealed from that entry raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEAS OF GUILTY BY A SINGLE JUDGE IN THE FOLLOWING RESPECTS[.]

{¶4} Mr. Thomas asserts in his first assignment of error that the trial court erred in denying his motion to correct an illegal void sentence because the trial court erred in failing to convene a three-judge panel and failing to have that panel make findings, that the single judge erred in failing to make certain findings at his plea hearing, and that his sentence for attempted aggravated murder is an illegal sentence. We do not agree.

{¶5} We begin by noting that Mr. Thomas' entire motion was based on the premise that certain errors by the trial court rendered its judgment void. This Court has previously stated that "[a] defendant may challenge a void judgment at any time." *State v. Dawson,* 9th Dist. Summit No. 26500, 2013-Ohio-1767, ¶ 6. Thus, based upon the specific arguments advanced by

Mr. Thomas below, we consider whether the trial court committed reversible error in denying his motion on the basis that the January 1994 judgment is void.

{¶6} To the extent that Mr. Thomas argues that the trial court's judgment was void for failure to convene a three-judge panel to accept his guilty plea to a capital offense and for failure to have a three-judge panel make necessary findings, we find this contention without merit. The Supreme Court of Ohio has held that "[t]he failure of a court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio and subject to collateral attack in habeas corpus. It constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, syllabus; *see also Kelley v. Wilson,* 103 Ohio St.3d 201, 2004-Ohio-4883, ¶ 9-14 ("Therefore, despite our language in [*State v. Green*, 81 Ohio St.3d 100 (1998),] that the specified errors rendered the sentence 'void,' the judgment was voidable and properly challenged on direct appeal. Consequently, any error by Kelley's three-judge panel [in failing to comply with Crim.R. 11 and R.C. 2945.06] was an error in the exercise of its jurisdiction that is not cognizable in habeas corpus."). Accordingly, even assuming Mr. Thomas was entitled to have his guilty plea accepted by a three-judge panel and have that panel make findings, such error would not render the trial court's judgment void for lack of subject matter jurisdiction. *See Pratts* at syllabus; *Kelley* at ¶ 9-14. Thus, the trial court did not err in denying Mr. Thomas' motion on this basis.

{¶7} To the extent Mr. Thomas asserted in his motion that the judgment was void because the single judge failed to make required findings at his plea, we note that, even assuming that such error rendered the judgment void, it appears that Mr. Thomas failed to provide a transcript of his plea and/or sentencing hearing for the trial court to review, so the trial court

could not even review the merits of Mr. Thomas' argument. Thus, we cannot conclude the trial court erred in overruling Mr. Thomas' argument on that basis as Mr. Thomas failed to demonstrate any error, let alone that the trial court acted without subject matter jurisdiction. Moreover, Mr. Thomas has failed to include a transcript of his plea or sentencing hearing in the record on appeal, so even assuming he had provided it for the trial court, we would be unable to properly review his argument. *See* App.R. 9(B). Accordingly, we overrule his argument on that basis.

{¶8} Mr. Thomas next asserts that the trial court erred in denying his motion because his sentence for attempted aggravated murder was an illegal sentence rendering it void. Mr. Thomas asserts that his sentence fell outside the range authorized by former R.C. 2929.11 and should have been less than 10 to 25 years. However, Mr. Thomas' sentence of 10 to 25 years for attempted aggravated murder was within the permitted range. *See* former R.C. 2923.02(E); former R.C. 2929.11(A), (B)(1). Accordingly, even assuming that sentencing Mr. Thomas outside the permissible range would render his sentence void, Mr. Thomas has not demonstrated such an error. *See State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 8. Thus, we cannot say that the trial court erred in denying his motion on that basis. Mr. Thomas' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THIS IS A CASE OF GREAT GENERAL INTEREST[.] THE CLERK OF THE LORAIN COUNTY COMMON PLEAS COURT ROUTINELY FAILS TO PLACE A "TIME STAMP" SHOWING JOURNALIZATION BY THE CLERK OF COURT ON THE ENTRY AS REQUIRED BY CRIMINAL[] RULE 32(C).

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT PLACE[D] APPELLANT TWICE IN JEOPARDY FOR THE SAME OFFENSE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF OHIO CONSTITUTION.

{¶9} Mr. Thomas raises additional arguments in his second and third assignments of error. However, we note that none of those arguments were raised in his motion in the trial court. Accordingly, the trial court never had the opportunity to consider these arguments. We decline to review these arguments in the first instance, but note that a cursory review of his arguments reveals none that would render the trial court's judgment void. *See State v. Lanik*, 9th Dist. Summit Nos. 26192, 26224, 2013-Ohio-361, ¶ 12 (declining to review an argument the defendant failed to make in a motion to suppress and instead made for the first time on appeal); *see also Dawson,* 2013-Ohio-1767, at ¶ 6 ("The question of whether a judgment is void is distinct from the question of whether it is a final, appealable order."); *State v. Marbury,* 9th Dist. Summit No. 26889, 2013-Ohio-5306, ¶ 4 ("This Court has held that a trial court's failure to merge allied offenses does not result in a void sentence.") (Internal quotations and citations omitted.). Thus, we overrule Mr. Thomas' second and third assignments of error.

III.

{¶10} In light of the foregoing, we affirm the judgment of the Lorain County Court of Common Pleas which denied Mr. Thomas' motion to "correct illegal void sentence pursuant to subject matter jurisdiction[.]"

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶11} I would construe Thomas' motion as a petition for post-conviction relief. Thomas' filing exceeded the 180-day limit prescribed by R.C. 2953.21(A)(2), and he has not demonstrated that his petition falls within exceptions set forth in R.C. 2953.23(A)(1)/(2). Thus, I would conclude that the trial court was without statutory authority to address the merits of the petition.

APPEARANCES:

RICHARD THOMAS, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, an NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.