[Cite as *State v. Caldwell*, 2014-Ohio-1032.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No.     27003 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEO CALDWELL | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR 90 01 0087 |

DECISION AND JOURNAL ENTRY

Dated: March 19, 2014

MOORE, Presiding Judge.

{¶1}    Defendant, Leo Caldwell, appeals from the judgment of the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}    In 1990, an indictment and a supplemental indictment were filed against Mr. Caldwell charging him with a total of three counts of aggravated murder, two counts of attempted aggravated murder, and four counts of having a weapon under disability, together with certain specifications.  The copy of the first indictment in the record is not signed by the grand jury foreperson.

{¶3}    The case proceeded to jury trial, and the jury found Mr. Caldwell guilty on one count of aggravated murder, as contained in the first indictment, along with two counts of having a weapon while under disability, and one count of attempted aggravated murder, as contained in the supplemental indictment.  The trial court imposed sentence in a journal entry issued in July

of 1990. Mr. Caldwell appealed from his conviction, and this Court affirmed. *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 WL 259529 (Dec. 4, 1991).

{¶4} On April 11, 2013, Mr. Caldwell filed a "motion to dismiss and/or vacate," in which he argued that, because the first indictment was not signed, the trial court lacked subject matter jurisdiction.

{¶5} In a journal entry dated June 13, 2013, the trial court denied Mr. Caldwell's motion on the basis that it was untimely filed. Mr. Caldwell appealed from the June 13, 2013 journal entry, and he now presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMIT[T]ED AN ERROR AT LAW THEREUPON ABUSING IT[]S DISCRETION BY DEN[Y]ING [MR. CALDWELL'S] MOTION TO DISMISS[ ]AND/OR VACATE (JAN[.] 16[,] 1990) INDICTMENT FOR LACK OF SUBJECT MATTER JURISDICTION INTO A[N] UNTIMELY POST-CONVICTION PETITION[ ]IN VIOLATION OF [HIS] 4TH, 5TH, AND 6TH AMENDMENT RIGHTS TO THE U.S. CONS[T]ITUTION, [R.C. 2939.20], AND CRIM.[]R. 6.

{¶6} In his sole assignment of error, Mr. Caldwell argues that the trial court lacked subject matter jurisdiction, and the trial court erred in construing his motion as a motion for post-conviction relief. We disagree.

{¶7} Mr. Caldwell argued in his motion that the trial court lacked subject matter jurisdiction because the first indictment was not signed by the grand jury foreperson. He contends that the absence of the foreperson's signature on the indictment renders his convictions void. This Court has held that "[a] defendant may challenge a void judgment at any time." *State v. Thomas*, 9th Dist. Lorain No. 13CA010424, 2014-Ohio-64, ¶ 5, quoting *State v. Dawson*, 9th Dist. Summit No. 26500, 2013-Ohio-1767, ¶ 6.

{¶8} However, in *State v. Young*, 9th Dist. Summit No. 18354, 1997 WL 600631, *1 (Sept. 17, 1997), this Court noted that:

"[a] grand jury foreman's failure to sign the indictment does not deprive the trial court of jurisdiction." *State ex rel. Justice v. McMackin*, 53 Ohio St.3d 72, 73, (1990), citing *Kroger v. Engle*, 53 Ohio St.2d 165 (1978). "The question of the sufficiency of the indictment does not relate to the jurisdiction of the court to try appellant for the crime for which he was convicted. *Mills v. Maxwell*, 174 Ohio St. 523, (1963). Appellant's remedy, if any, is by way of appeal from the judgment of conviction." *Chapman v. Jago*, 48 Ohio St.2d 51, 51 (1976).

{¶9} Accordingly, Mr. Caldwell's contention that the trial court lacked subject matter jurisdiction due to the lack of signature on the first indictment lacks merit.

{¶10} However, as the trial court found Mr. Caldwell's motion to be "untimely," it appears that the trial court considered whether Mr. Caldwell's motion could be successful if construed as a petition for post-conviction relief. R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Therefore, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post[-]conviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus.

{¶11} R.C. 2953.21 establishes procedures for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides, in part, that:

[A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court

of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶12} An exception to the time limit exists if it can be shown both that (1) "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right;" and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense. R.C. 2953.23(A)(1)(a) and (b). A defendant's failure to either timely file a petition for post-conviction relief or to meet his burden under R.C. 2953.23(A)(1) deprives a trial court of jurisdiction to entertain the petition. *State v. Kolvek*, 9th Dist. Summit Nos. 22966, 22967, 2006-Ohio-3113, ¶ 7.

{¶13} Here, over twenty years elapsed between Mr. Caldwell's direct appeal and his filing of the motion to vacate. Therefore, construed as a petition for post-conviction relief, his motion was untimely. Mr. Caldwell did not argue that the exceptions contained in R.C. 2953.23(A)(1) apply to this case. Therefore, the trial court lacked authority to consider the merits of Mr. Caldwell's motion. *State v. Hensley*, 9th Dist. Lorain No. 03CA008293, 2003-Ohio-6457, ¶ 7.

{¶14} Accordingly, Mr. Caldwell's assignment of error is overruled.

III.

{¶15} Mr. Caldwell's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

HENSAL, J.
CONCURS.

APPEARANCES:

LEO CALDWELL, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.