[Cite as *State v. Guyton*, 2014-Ohio-1999.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

EARNEST G. GUYTON, JR.

    Appellant

C.A. No.    13CA010443

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    CR27928

DECISION AND JOURNAL ENTRY

Dated: May 12, 2014

---

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Ernest G. Guyton, Jr. appeals from the judgment of the Lorain County Court of Common Pleas denying his motion to correct a clerical error. For the reasons set forth below, we affirm.

I.

{¶2} In 1983, Mr. Guyton pleaded guilty to aggravated murder along with a specification and aggravated burglary. He was sentenced to "life imprisonment with parole eligibility after serving thirty full years" for aggravated murder and seven to twenty-five years for aggravated burglary to run consecutively to each other and to sentences for other unrelated offenses. Mr. Guyton's convictions were affirmed on direct appeal. *See State v. Guyton,* 18 Ohio App.3d 101, 101 (9th Dist.1984).

{¶3} In 2011, Mr. Guyton filed a motion to "Correct Clerical Mistake in Judgment Entry Arising from Oversight or Omission Pursuant to Crim.R. 36(A) with Combined Motion for

De Novo Resentencing Hearing as though Sentencing had Never Previously Occurred." The trial court subsequently issued an entry denying the motion. While Mr. Guyton filed a notice of appeal from that entry, however, his attempted appeal was dismissed as untimely. In 2013, Mr. Guyton filed a "Motion to Correct Clerical Error in Judgment Entry due to Oversight or Omission Pursuant to Crim.R. 36(A)." In that motion Mr. Guyton asserted that the trial court's sentence for aggravated murder imposed at the sentencing hearing was not correctly reflected in the judgment entry. Specifically, Mr. Guyton maintained that the trial court's statement at the sentencing hearing that he was sentenced to "thirty years to life without consideration of parole until after thirty years" was not accurately reflected in the trial court's judgment entry because the judgment entry stated that Mr. Guyton was sentenced to "thirty full years to life." The trial court summarily denied the motion.

{¶4} Mr. Guyton has appealed, raising four assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

DEFENDANT-APPELLANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL AND APPELLANT (SIC) COUNSEL IN HIS DIRECT APPEAL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEAS OF GUILTY IN THE FOLLOWING RESPECTS: A) A SINGLE JUDGE ACCEPTED A PLEA OF GUILTY TO THE CHARGE AND THE SPECIFICATION AND IN SO DOING SHOULD HAVE MADE AN INDEPENDENT JUDGMENT AS TO WHETHER OR NOT THE SPECIFICATION SHOULD HAVE BEEN DISMISSED PURSUANT TO CRIMINAL RULE 11(C)(3); (B) A THREE JUDGE PANEL ACCEPTED A PLEA OF GUILTY TO THE CHARGE AND THE SPECIFICATION YET FAILED TO MAKE A SPECIFIC DETERMINATION AS TO WHETHER OR NOT THE OFFENSE APPELLANT PLEAD[ED] GUILTY TO SHOULD BE

DETERMINED TO BE A LESSER INCLUDED OFFENSE; I.E., AGGRAVATED MURDER WITHOUT A SPECIFICATION.

ASSIGNMENT OF ERROR III

THE COURT ERRED IN FAILURE TO DECLARE THE SPECIFICATION IN OHIO REVISED CODE SECTION 2929.04(A)(7) UNCONSTITUTIONAL AS APPLIED TO APPELLANT.

ASSIGNMENT OF ERROR IV

TRIAL COURT ERRED BY NOT INFORMING APPELLANT OF THE CONSEQUENCES OF HIS PLEA IN VIOLATION OF CRIMINAL RULE 11(C)(2)(a).

{¶5} In Mr. Guyton's four assignments of error he raises issues not raised in his "Motion to Correct Clerical Error in Judgment Entry due to Oversight or Omission Pursuant to Crim.R. 36(A)[,]" the denial of which is the subject of this appeal. Accordingly, the trial court did not have the opportunity to consider these arguments, and we decline to pass on such issues in the first instance.[1] *See State v. Thomas,* 9th Dist. Lorain No. 13CA010424, 2014-Ohio-64, ¶ 9. Mr. Guyton's contention in his motion was that the trial court's sentencing entry contained a clerical error. However, Mr. Guyton has not raised this issue on appeal, and none of the issues he has raised point to any clericals errors. Mr. Guyton has not demonstrated that the trial court erred in denying his motion. Thus, his four assignments of error are overruled.

III.

{¶6} In light of the foregoing, we overrule Mr. Guyton's assignments of error and affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

---

[1] We note, however, that his second through fourth assignments of error raise issues previously addressed in his direct appeal. *See Guyton* at 101-102, 104.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ERNEST G. GUYTON, JR., pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.