[Cite as *State v. Sparks*, 2014-Ohio-5017.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

BRYAN S. SPARKS

    Appellant

C.A. No.    27292

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 02 12 3669

DECISION AND JOURNAL ENTRY

Dated: November 12, 2014

HENSAL, Judge.

{¶1}    Bryan Sparks appeals a judgment of the Summit County Court of Common Pleas that denied his motion to correct sentence. For the following reasons, this Court affirms.

I.

{¶2}    Following a trial to the bench in 2004, the trial court found Mr. Sparks guilty of two counts of rape, two counts of corruption of a minor, and one count of illegal use or possession of drug paraphernalia. It sentenced him to life in prison and adjudicated him a sexual predator under Revised Code Section 2950.09. This Court upheld his convictions on appeal, but remanded for resentencing on one of the rape counts. The trial court resentenced him on that count in June 2005.

{¶3}    In January 2010, Mr. Sparks petitioned for post-conviction relief. In its brief opposing the petition, the State pointed out that the trial court had incorrectly imposed post-release control when it sentenced Mr. Sparks. It argued that his sentence, therefore, was void,

which made his petition premature. In March 2010, the trial court resentenced Mr. Sparks, correcting the post-release control error and imposing the same prison terms as before. It also classified him as a Tier III sex offender under the Adam Walsh Act. On appeal, this Court affirmed in part and reversed in part, explaining that, under *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the trial court did not have authority to assign Mr. Sparks a sex offender classification. On remand, the trial court corrected its entry.

{¶4}    In October 2011, Mr. Sparks petitioned for post-conviction relief, arguing that his trial counsel was ineffective. The trial court denied his petition as untimely. Mr. Sparks moved for reconsideration, but the trial court denied his motion. Mr. Sparks did not appeal either of the trial court's decisions.

{¶5}    In February 2014, Mr. Sparks moved the trial court to correct his sentence, raising multiple issues. The trial court denied his motion without a hearing. Mr. Sparks has appealed, assigning six errors, which this Court will address together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT FAILED TO STATE FINDINGS OF FACTS AND CONCLUSIONS OF LAW VIOLATING APPELLANT'S SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING BEFORE DENYING APPELLANT'S MOTION VIOLATING HIS DUE PROCESS RIGHTS IN ACCORDANCE TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT PLACED THE APPELLANT WITHIN THE GUIDELINES OF THE DOUBLE JEOPARDY CLAUSE IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT PROSECUTED, TRIED AND CONVICTED APPELLANT OF A CRIME WHERE THE STATUTE OF LIMITATIONS HAD EXPIRED IN VIOLATION OF HIS SIXTH AMENDMENT OF THE UNITED STATES CONSITUTION.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED WHEN IT REFUSED THE APPELLANT'S REQUEST TO FIRE HIS APPOINTED COUNSEL DURING TRIAL DENYING HIM DUE PROCESS IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED WHEN IT CONVICTED APPELLANT OF RAPE AND CORRUPTION OF A MINOR THAT WAS BASED TOTALLY ON PERJURED, HEARSAY TESTIMONY IN VIOLATION OF HIS SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶6}    Mr. Sparks argues that the trial court incorrectly denied his motion to correct sentence.  He also argues that the court should have held a hearing on his motion and made specific findings of fact and conclusions of law in its journal entry.

{¶7}    In his motion to correct sentence, Mr. Sparks argued that the trial court violated his right to due process by not issuing a final appealable order.  He argued that the court violated his rights under the Fifth Amendment by imposing post-release control.  He also argued that the court imposed cruel and unusual punishment by adjudicating him a sexual predator, that it incorrectly resentenced him for crimes for which he had already completed his prison term, and that it unconstitutionally applied certain laws retroactively.  He further argued that the court did not have jurisdiction to try him on one of the rape offenses because the State failed to charge him before the statute of limitations expired.

{¶8}     According to the Ohio Supreme Court, "[if] a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. *But see State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 10-11 (distinguishing postsentence motions under Criminal Rule 32.1). Mr. Sparks has also admitted in his appellate brief that his motion to correct sentence was a petition for post-conviction relief. This Court notes that Mr. Sparks previously petitioned for post-conviction relief in 2011. The trial court denied the petition, and Mr. Sparks did not appeal its decision.

{¶9}     Revised Code Section 2953.23(A) provides that a trial "court may not entertain * * * a second petition * * * for [post-conviction] relief" unless "the petitioner was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation * * * " and (2) there is clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found the petitioner guilty of the offense. In his motion to correct sentence, Mr. Sparks did not allege, let alone establish, that he was unavoidably prevented from discovering the facts upon which he relied. Accordingly, the trial court had to treat the motion as a successive petition for post-conviction relief, and it correctly determined that it did not have authority to grant the motion. *Id*.; *State v. Caldwell*, 9th Dist. Summit No. 27003, 2014-Ohio-1032, ¶ 13. We, therefore, conclude that the court did not err when it denied Mr. Sparks's motion. Mr. Sparks's third, fourth, fifth, and sixth assignments of error are overruled.

{¶10} Regarding Mr. Sparks's arguments that the trial court incorrectly denied his motion to correct sentence without issuing specific findings of fact and conclusions of law or holding a hearing, the Ohio Supreme Court has held that a trial court "has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief." *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, ¶ 6. The court also had no obligation to hold a hearing on the motion. *State v. Price*, 9th Dist. Wayne No. 03CA0046, 2004-Ohio-961, ¶ 10. Mr. Sparks's first and second assignments of error are overruled.

III.

{¶11} The trial court correctly determined that it did not have authority to grant Mr. Sparks's motion to correct sentence. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


JENNIFER HENSAL
FOR THE COURT


BELFANCE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

BRYAN SPARKS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.