[Cite as *State v. Sparks*, 2018-Ohio-5120.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28953 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRYAN SPARKS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2012-12-3669 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2018

SCHAFER, Presiding Judge.

{¶1} Appellant, Bryan S. Sparks, appeals the decision of the Summit County Court of Common Pleas denying his motion to compel. For the reasons that follow, this Court affirms.

I.

{¶2} This matter originated with a December 2002 indictment charging Mr. Sparks with multiple sex offenses. This Court previously summarized in part the lengthy procedural history as follows:

Following a trial to the bench in 2004, the trial court found Mr. Sparks guilty of two counts of rape, two counts of corruption of a minor, and one count of illegal use or possession of drug paraphernalia. It sentenced him to life in prison and adjudicated him a sexual predator under Revised Code Section 2950.09. This Court upheld his convictions on appeal, but remanded for resentencing on one of the rape counts. The trial court resentenced him on that count in June 2005.

In January 2010, Mr. Sparks petitioned for post-conviction relief. In its brief opposing the petition, the State pointed out that the trial court had incorrectly imposed post-release control when it sentenced Mr. Sparks. It argued that his sentence, therefore, was void, which made his petition premature. In March 2010, the trial court resentenced Mr. Sparks, correcting the post-release control error

and imposing the same prison terms as before. It also classified him as a Tier III sex offender under the Adam Walsh Act. On appeal, this Court affirmed in part and reversed in part, explaining that, under *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the trial court did not have authority to assign Mr. Sparks a sex offender classification. On remand, the trial court corrected its entry.

In October 2011, Mr. Sparks petitioned for post-conviction relief, arguing that his trial counsel was ineffective. The trial court denied his petition as untimely. Mr. Sparks moved for reconsideration, but the trial court denied his motion. Mr. Sparks did not appeal either of the trial court's decisions.

*State v. Sparks*, 9th Dist. Summit No. 27292, 2014-Ohio-5017, ¶ 2-5 ("*Sparks III*").

{¶3} In February of 2014, Mr. Sparks moved the trial court to correct his sentence raising multiple issues, and the trial court denied his motion. Mr. Sparks appealed the trial court's denial of his motion to correct his sentence and argued that the trial court erred by not holding a hearing on his motion and not making specific findings of fact and conclusions of law in its journal entry. *Sparks III* at ¶ 6. We determined that the trial court properly treated Mr. Sparks's motion to correct his sentence as a successive motion for postconviction relief and correctly determined that it lacked authority to grant the motion. *Id*. at ¶ 9. We also concluded that the trial court had no duty to hold a hearing or issue findings of fact or conclusions of law on Mr. Sparks's successive or untimely petition for postconviction relief. *Id*. at ¶ 10. We overruled all of Mr. Sparks's assignments of error and affirmed the judgment in that appeal. *Id*. at ¶ 11.

{¶4} Following our November 12, 2014 decision in *Sparks III*, Mr. Sparks filed numerous motions and requests in the trial court. He also filed two attempted appeals, which this Court dismissed. On May 11, 2017, Mr. Sparks filed a motion captioned "motion to compel" wherein he challenged his sentence and alleged the denial of due process. The trial court summarily denied this motion in a journal entry dated January 17, 2018. Mr. Sparks now appeals that ruling, presenting four assignments of error for our review. For ease of analysis, we elect to address those assignments of error together.

II.

### Assignment of Error I

**The trial court erred when it sentenced [Mr. Sparks] using SB2 guidelines on count one when documentation shows that HB511 guidelines must be used violating [Mr. Sparks's] right to due process in accordance with the Sixth and Fourteenth Amendments to the United States Constitution[.]**

### Assignment of Error II

**The trial court erred when it sentenced [Mr. Sparks] to life in regards to a criminal element that was never mentioned in the original complaint nor was it mentioned during the current sentencing nor is it stated anywhere in the sentencing transcripts or in the sentencing journal entry violating [Mr. Sparks's] right to due process in accordance with the Sixth and Fourteenth Amendments to the United States Constitution[.]**

### Assignment of Error III

**The trial court erred several times when it failed to appoint trial and appellate counsel competent to handle [Mr. Sparks's] case and appeals violating the Fifth, Sixth and Fourteenth Amendments to the United States Constitution[.]**

### Assignment of Error IV

**The trial court erred when it failed to state the findings of facts and conclusions of law when it denied [Mr. Sparks's] motion to compel several months after the time had r[u]n out to rule on that motion violating [Mr. Sparks's] right to due process in accordance with the Sixth and Fourteenth Amendments to the United States Constitution[.]**

{¶5} Mr. Sparks's first three assignments of error relate to the trial court's denial of his motion to compel. The fourth assignment of error challenges that the trial court erred when it failed to issue findings of fact and conclusions of law in the journal entry denying that motion.

{¶6} In his motion to compel, Mr. Sparks argued that he was improperly sentenced based on the wrong statute and an element not included in the indictment. He also contends that he was denied due process based on alleged prosecutorial misconduct and ineffective assistance of counsel. "'A vaguely titled motion * * * may be construed as a petition for post-conviction

relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void [or voidable], and (4) asked for a vacation of the judgment and sentence.'" *State v. Gordon*, 9th Dist. Summit No. 29009, 2018-Ohio-4311, ¶ 5, quoting *State v. Davis*, 9th Dist. Medina No. 15C0004-M, 2015-Ohio-5182, ¶ 6. We conclude that Mr. Sparks's motion meets these requirements. Accordingly, we construe his motion to compel as a petition for postconviction relief.

{¶7} R.C. 2953.23(A)(1) provides that a trial court may entertain a successive petition for postconviction relief only when the following criteria are met:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

Mr. Sparks's motion, being a successive petition for postconviction relief, "did not offer an explanation regarding why he was unavoidably prevented from discovering the facts upon which his petition was based, nor did it identify a retroactive right that has been recognized by the United States Supreme Court." *State v. Wright*, 9th Dist. Summit No. 27880, 2016-Ohio-3542, ¶ 9. Thus, we conclude that the trial court lacked authority to consider the merits of Mr. Sparks's successive petition and, therefore, did not err by denying his motion. Mr. Sparks's first, second, and third assignments of error are overruled.

{¶8} Additionally, we must address Mr. Sparks's contention that the trial court erred by failing to include findings of fact and conclusions of law in its denial of his motion. As this Court stated in *Sparks III*,

> the Ohio Supreme Court has held that a trial court "has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief." *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, ¶ 6.

*Sparks III* at ¶ 10. Here again we conclude that the trial court was not obligated to issue findings of fact or conclusions of law. Mr. Sparks's fourth assignment of error is overruled.

### III.

{¶9} All four of Mr. Sparks's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BRYAN SPARKS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.