[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dawson v. Summit Cty. Court of Common Pleas,* Slip Opinion No. 2016-Ohio-1597.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1597

THE STATE EX REL. DAWSON, APPELLANT, *v.* SUMMIT COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Dawson v. Summit Cty. Court of Common Pleas,* Slip Opinion No. 2016-Ohio-1597.]**

*Mandamus—Procedendo—Res judicata—Writs not available to compel issuance of final, appealable order when issue was already raised and ruled upon in earlier appeal.*

(No. 2015-0846—Submitted January 5, 2016—Decided April 21, 2016.)

APPEAL from the Court of Appeals for Summit County, No. 27728.

_____

**Per Curiam.**

{¶ 1} We affirm the Ninth District Court of Appeals' judgment dismissing a petition for a writ of mandamus or procedendo. Relator-appellant, Larry D. Dawson, petitioned the court of appeals for a writ of mandamus and/or procedendo to compel respondents-appellees, the Summit County Court of Common Pleas and

Judge Lynne S. Callahan, to resentence him and issue a final judgment of conviction and sentence. Because the same issue had already been addressed in the appeal of a motion for a new sentence, the court of appeals was correct to dismiss the complaint as res judicata.

*Facts and procedural history*

{¶ 2} Dawson was convicted in 1991 of aggravated murder, felonious assault, discharging a firearm into a habitation, and drug abuse, along with two firearm specifications and a physical-harm specification. The convictions were appealed and affirmed in *State v. Dawson*, 9th Dist. Summit No. 15483, 1992 WL 308549 (Oct. 21, 1992).

{¶ 3} In 2012, Dawson filed a motion for an oral hearing to correct a "void" sentence, claiming that the entry did not address all the charges. The motion was denied by Judge Callahan. Dawson appealed. *State v. Dawson*, 9th Dist. Summit No. 26500, 2013-Ohio-1767, *appeal not accepted*, 136 Ohio St.3d 1495, 2013-Ohio-4140, 994 N.E.2d 464. Dawson raised one error, that the "trial court erred in not correcting his void sentencing entry because it is not a final, appealable order." 2013-Ohio-1767, at ¶ 5. The court of appeals found that the original sentencing entry was a final, appealable order and that any challenge to the length of his imprisonment or sentence could have been raised on direct appeal. *Id.* at ¶ 12. The appellate court acknowledged that the sentencing entry did not impose a sentence for the physical-harm specification. But the appellate court specifically stated that "Dawson's conviction of the physical harm specification did not permit the court to impose an additional prison sentence. * * * Dawson's sentencing entry disposes of all charges against him, and his argument that his sentencing entry is not a final, appealable order is without merit." *Id.* at ¶ 11.

{¶ 4} In 2014, Dawson moved the court to issue a valid judgment in compliance with Crim.R. 32(C) and Sup.R. 7(A). Judge Callahan noted the

appellate decision in 2013 finding that Dawson's sentencing entry was a final, appealable order and denied the motion.

{¶ 5} Dawson then petitioned the Ninth District Court of Appeals for a writ of mandamus and/or procedendo ordering respondents to resentence him and issue a final judgment of conviction. The court noted that it had addressed and rejected this argument in 2013 and found that Dawson is not entitled to either writ. Dawson appealed.

*Analysis*

{¶ 6} To be entitled to a writ of procedendo, Dawson must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶ 7} To be entitled to a writ of mandamus, Dawson must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Callahan to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Dawson must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 8} Dawson cannot show a clear legal right to any relief.

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due

process that was raised or could have been raised by the defendant

* * * on an appeal from that judgment."

(Emphasis deleted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶ 9} Dawson, who was represented by counsel during his trial and on the direct appeal from his convictions, could have raised the issues that he asserts now in that direct appeal. In addition, he raised them in 2013 in *State v. Dawson*, 9th Dist. Summit No. 26500, 2013-Ohio-1767.

{¶ 10} The case is res judicata, and we affirm.

Judgment affirmed.

PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., not participating.

_____

Larry D. Dawson, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellees.

_____