[Cite as *State ex rel. Steele v. McIntosh*, 2018-Ohio-3063.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Brandon Steele, | : | |
| | : | |
| [Relator], | : | |
| | : | |
| v. | : | No. 18AP-57 |
| | : | |
| Stephen L. McIntosh, Judge, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on August 2, 2018

*Brandon Steele,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Benjamin D. Humphrey,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

TYACK, J.

{¶ 1} Brandon Steele, an inmate at Southeastern Correctional Complex, filed this action in procedendo seeking a writ to compel Stephen L. McIntosh, a judge of the Franklin County Court of Common Pleas, to rule in Steele's favor on a motion to vacate his sentence.

{¶ 2} In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings.

{¶ 3} Counsel for Judge McIntosh filed a motion to dismiss this action in procedendo, alleging that Judge McIntosh had already ruled on Steele's motion. Our magistrate considered the merits of the motion to dismiss and verified that Judge McIntosh has, in fact, ruled on Steele's motion. Our magistrate therefore generated a magistrate's

decision, appended hereto, which includes a recommendation that we dismiss this action in procedendo.

{¶ 4}   No party has filed objections to the magistrate's decision.  Upon review of the magistrate's decision, we adopt the findings of fact and conclusions of law contained therein.  We, therefore, deny the request for a writ of procedendo.

*Writ of procedendo denied; Action dismissed.*

KLATT and HORTON, JJ., concur.

———————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

The State ex rel.                                           :
Brandon Steele,
                                                           :
        [Relator],
                                                           :
v.                                                                        No. 18AP-57
                                                           :
Stephen L. McIntosh, Judge,                                              (REGULAR CALENDAR)
                                                           :
        Respondent.
                                                           :

---

### MAGISTRATE'S DECISION

#### Rendered on April 3, 2018

---

*Brandon Steele,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Benjamin D. Humphrey,* for respondent.

---

### IN PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} In this original action, relator, Brandon Steele, an inmate of the Southeastern Correctional Complex ("SCC") requests that a writ of procedendo issue against respondent, the Honorable Stephen L. McIntosh, a judge of the Franklin County Court of Common Pleas ("common pleas court").

Findings of Fact:

{¶ 6} 1. On January 24, 2018, relator, an SCC inmate, filed this original action against respondent.

{¶ 7} 2. According to the complaint, on September 29, 2017, relator filed a motion in the common pleas court in case No. 12CR-402. The motion is captioned:

> DEFENDANT'S MOTION TO VACATE VOID SENTENCE FOR LACK OF JURISDICTION PURSUANT TO R.C. § 2941.25, R.C. § 2929.14(D)(1)(b) &Crim.R. 32(A), Crim.R. 52(B), INSTANTER

(Emphasis sic.)

{¶ 8} 3. According to the complaint, on November 17, 2017, relator filed another motion in the common pleas court. The motion is captioned:

> DEFENDANT'S MOTION REQUESTING A COPY OF THIS COURTS DECISION & ENTRY MADE IN RESPONSE TO THE DEFENDANT'S MOTION TITLED "Motion to Vacate Void Sentence for Lack of Jurisdiction Pursuant to R.C. § 2941.25, R.C. § 2929.14(D)(1)(b) &Crim.R. 32(A), Crim.R. 52(B), Instanter." FILED ON SEP. 29th, 2017, INSTANTER.

(Emphasis sic.)

{¶ 9} 4. According to the complaint, respondent has failed to rule on the motions filed September 29 and November 17, 2017. Relator requests that the writ order respondent to rule on the motions.

{¶ 10} 5. On February 23, 2018, respondent filed in this action a motion to dismiss. Respondent states that this action is now moot because respondent has issued a decision and entry ruling on the motions.

{¶ 11} 6. In support of his motion to dismiss, respondent appended a copy of his decision and entry that he filed on February 14, 2018 in case No. 12CR-402. In his decision and entry, respondent denies relator's September 29, 2017 motion and grants relator's November 17, 2017 motion. The concluding paragraph of respondent's decision and entry states:

> The September 29, 2017 Motion to Vacate is **DENIED**. Defendant's November 17, 2017 Motion Requesting a Copy of this Court's Decision & Entry is **GRANTED**. The Clerk is **ORDERED** to serve a copy of this Decision and Entry upon Defendant at: Brandon R. Steele, # 669-547, Southeastern Correctional Complex, 5900 B.I.S. Road, SW, Lancaster, Ohio 43140.

(Emphasis sic.)

{¶ 12} 7. On March 1, 2018, the magistrate ordered that relator shall file his response or brief in opposition to the motion to dismiss on or before March 12, 2018.

{¶ 13} 8. Relator has not responded to respondent's motion to dismiss.

Conclusions of Law:

{¶ 14} It is the magistrate's decision that this court grant respondent's motion to dismiss, as more fully explained below.

{¶ 15} Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64 (1996); *State v. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461 (1995).

{¶ 16} A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Miley* at 65, citing *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180 (1995).

{¶ 17} To be entitled to a writ of procedendo, the relator must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Dawson v. Summit Cty. Court of Common Pleas*, 146 Ohio St.3d 435, 2016-Ohio-1597, ¶ 6.

{¶ 18} A writ of procedendo will not issue to compel the performance of a duty already performed. *State ex rel. Morgan v. Fais*, 146 Ohio St.3d 428, 2016-Ohio-1564.

{¶ 19} Respondent's February 14, 2018 decision and entry appended to his February 23, 2018 motion to dismiss shows beyond doubt that respondent has performed the duty that relator seeks to compel by this procedendo action. Clearly, this court can take judicial notice of the February 14, 2018 decision and entry showing that this action has been rendered moot. *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229.

{¶ 20} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**