[Cite as *State ex rel. v. McIntosh*, 2018-Ohio-3464.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel.                                    :
LaRue A. Monford,
                                                     :
          Relator,                                            No. 18AP-241
                                                     :
v.                                                            (REGULAR CALENDAR)
                                                     :
Stephen L. McIntosh, Judge,
                                                     :
          Respondent.
                                                     :

D E C I S I O N

Rendered on August 28, 2018

**On brief:** *LaRue A. Monford,* pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Nick A. Soulas, Jr.,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS AND
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1}   Relator, LaRue A. Monford, filed this original action in procedendo seeking an order compelling respondent, Judge Stephen L. McIntosh of the Franklin County Court of Common Pleas, to rule on a motion filed by Monford on February 15, 2017 and another motion filed by Monford on March 20, 2017.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate recommends this court grant Judge McIntosh's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).  Specifically, the magistrate noted that a writ of procedendo will not issue to compel the performance of a duty that has already

been performed. *State ex rel. Morgan v. Fais*, 146 Ohio St.3d 428, 2016-Ohio-1564, ¶ 4. Because the April 25, 2017 entry appended to Judge McIntosh's motion to dismiss demonstrated that Judge McIntosh had already ruled on Monford's two motions, the magistrate concluded that Monford's action seeking a writ of procedendo has been rendered moot.

{¶ 3} Monford responded to the magistrate's decision with a document captioned "Amended Complaint." We construe this document as objections to the magistrate's decision. *See, e.g., State ex rel. Kleinman v. Indus. Comm.*, 10th Dist. No. 04AP-692, 2005-Ohio-3098, ¶ 2 (construing an "application for reconsideration" as objections to the magistrate's decision); Civ.R. 53(D)(3)(b). In his objections, Monford concedes that Judge McIntosh has ruled on his motions through the April 25, 2017 entry. Nonetheless, Monford disagrees with Judge McIntosh's rulings on his motions and argues procedendo should still issue to compel Judge McIntosh to rule in Monford's favor.

{¶ 4} "Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court as to what the judgment should be." *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 67 (1996), citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Thus, regardless of whether Monford agrees with the outcome of Judge McIntosh's rulings in the entry, procedendo cannot issue because Judge McIntosh has already ruled on the motion. If Monford disagrees with the trial court's resolution of his motions, he can challenge those decisions by direct appeal. *State ex rel. Hillman v. O'Donnell*, 10th Dist. No. 16AP-436, 2016-Ohio-8352, ¶ 4. For these reasons, we overrule Monford's objections.

{¶ 5} After examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration to Monford's objections, we overrule Monford's objections and adopt the magistrate's findings of fact and conclusions of law. Accordingly, we grant Judge McIntosh's motion to dismiss the complaint.

*Objections overruled;*
*motion to dismiss granted.*

DORRIAN and HORTON, JJ., concur.

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. LaRue A. Monford, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No.  18AP-241 |
| | : | |
| Stephen L. McIntosh, Judge, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on May 15, 2018

*LaRue A. Monford,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Nick A. Soulas, Jr.,* for respondent.

### IN PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 6}  In this original action, relator, LaRue A. Monford, an inmate of the Southeastern Correctional Institution ("SCI") requests a writ of procedendo ordering respondent, the Honorable Stephen L. McIntosh, a judge of the Franklin County Court of Common Pleas, to rule on a motion filed by relator on February 15, 2017 in the common pleas court in Franklin C.P. No. 08CR-1099, and another motion filed by relator on March 20, 2017 in Franklin C.P. Nos. 08CR-1099 and 08CR-1337.

Findings of Fact:

{¶ 7}  1.  On April 9, 2018, relator, an SCI inmate, filed this original action against respondent.

{¶ 8} 2. In his complaint, relator alleges that, on February 15, 2017, he filed a motion in the common pleas court in Franklin C.P. No. 08CR-1099 that respondent has failed to rule on. The caption of the motion is "Motion To Vacate Or Stay Court Costs, Fines, Mandatory Fines, And/Or Restitution."

{¶ 9} 3. In his complaint, relator alleges that, on March 20, 2017, he filed another motion in the common pleas court in Franklin C.P. No. 08CR-1337 that respondent has not ruled on. The caption of the motion is "Defendant's Revised Motion To Vacate Fines And Costs In Response To State's Memorandum Contra." This motion was also filed in Franklin C.P. No. 08CR-1099.

{¶ 10} 4. On April 20, 2018, respondent filed a motion to dismiss. Appended to the motion as an exhibit are joint entries filed by respondent on April 25, 2017 in Franklin C.P. Nos. 08CR-1099 and 08CR-1337.

{¶ 11} 5. An entry in Franklin C.P. No. 08CR-1099 grants relator's February 15, 2017 motion to the extent that relator's payments toward his court costs are modified to $10 per month until the obligation is paid in full.

{¶ 12} 6. An entry in Franklin C.P. No. 08CR-1337 denies relator's motion filed March 20, 2017. The entry points out the court did not impose fines or court costs in Franklin C.P. No. 08CR-1337, but the court did order relator to pay $34,781.47 to the Franklin County Child Support Enforcement Agency. Respondent's entry states that the March 20, 2017 motion is denied "because the Court did not order Defendant to pay court costs or fines, and the Court does not have statutory authority to suspend restitution once imposed."

{¶ 13} 7. On April 26, 2018, the magistrate issued an order providing that relator shall file his response or brief in opposition to the motion to dismiss on or before May 14, 2018.

{¶ 14} 8. Relator has not responded to respondent's motion to dismiss.

Conclusions of Law:

{¶ 15} It is the magistrate's decision that this court grant respondent's motion to dismiss.

{¶ 16} Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court as to what the judgment should

be. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64 (1996); *State v. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461 (1995).

{¶ 17} A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Miley* at 65, citing *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180 (1995).

{¶ 18} To be entitled to a writ of procedendo, the relator must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Dawson v. Summit Cty. Court of Common Pleas,* 146 Ohio St.3d 435, 2016-Ohio-1597, ¶ 6.

{¶ 19} A writ of procedendo will not issue to compel the performance of a duty already performed. *State ex rel. Morgan v. Fais,* 146 Ohio St.3d 428, 2016-Ohio-1564.

{¶ 20} Respondent's April 25, 2017 joint entries appended to his April 20, 2018 motion to dismiss show beyond doubt that respondent has performed the duty that relator seeks to compel by this procedendo action. Clearly, this court can take judicial notice of the April 25, 2017 joint entries showing this action has been rendered moot. *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229.

{¶ 21} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).