[Cite as *State ex rel. Bonner v. Serrott*, 2019-Ohio-2137.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Kendric Bonner, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-271 |
| | : | |
| Judge: Mark Serrott, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on May 30, 2019

*Kendric Bonner,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

IN MANDAMUS AND/OR PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

McGRATH, J.

{¶ 1} Relator, Kendric Bonner, an inmate of the Pickaway Correctional Institution ("PCI"), commenced this original action requesting a writ of mandamus or alternatively a writ of procedendo ordering respondent, the Honorable Mark Serrott, a judge of the Franklin County Court of Common Pleas, to vacate his sentencing entry filed March 25, 2015 in Franklin C.P. No. 92CR-5290, which modified a prior sentencing entry, and to enter a new sentencing order that presents a final, appealable order. For the reasons that follow, we adopt the magistrate's decision and dismiss the action.

I. Facts and Procedural Background

{¶ 2} In 1992, relator was indicted on one count of aggravated murder, one count of felonious assault, each of which contained a gun specification, and also a third count of

having a weapon while under disability. After a jury trial, relator was convicted of all the charges and specifications charged in the indictment. On June 18, 1993, the trial court issued a judgment entry imposing sentence. Relator appealed, and this court affirmed in part, reversed in part and remanded the case to the trial court. *See State v. Bonner*, 10th Dist. No. 93APA07-951 (Apr. 12, 1994). The trial court issued a modified judgment entry of conviction.

{¶ 3} Relator filed a motion for a final, appealable order pursuant to Crim.R. 32(C), contending that the judgment entry was not a final, appealable order because it did not state the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based and failed to include the specific sentences for all counts. *Bonner*. The trial court denied relator's motion and relator filed a timely notice of appeal.

{¶ 4} This court determined that the modified judgment entry was not a final, appealable order under Crim.R. 32(C) because it did not include all of relator's sentences. This court dismissed the appeal for lack of a final, appealable order. *State v. Bonner*, 10th Dist. No. 14AP-611, 2015-Ohio-1010.

{¶ 5} On March 25, 2015, the trial court rendered a second modified judgment entry. Relator did not file a notice of appeal from the March 25, 2015 entry. On April 17, 2018, relator filed an original action seeking a writ of mandamus and/or procedendo claiming that the March 25, 2015 entry is invalid and this court should order the trial court to vacate the March 25, 2015 entry and enter a new entry that will provide him with a final, appealable order. On May 18, 2018, respondent filed a motion to dismiss.

{¶ 6} This court referred the matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. On July 19, 2018, the magistrate issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate determined that relator could have filed a direct appeal to this court from the March 25, 2015 entry and since he did not, he failed to exercise a plain and adequate remedy in the ordinary course of the law and thus, neither a writ of mandamus nor a writ of procedendo was available to relator. The magistrate concluded that the court should grant respondent's motion to dismiss.

{¶ 7} Relator filed objections to the magistrate's decision arguing that the March 25, 2015 entry is not a final, appealable order and thus, filing an appeal would have

been futile.  Therefore, relator contends that he could never have an adequate remedy at law because there can be no appeal without a final, appealable order.

{¶ 8}   In his motion to dismiss, respondent argues that relator cannot seek an extraordinary writ in place of a proper appeal.  Relator's appeal is a plain and adequate remedy in the ordinary course of law and the fact that he failed to file an appeal does not permit him to maintain a mandamus action.  This is true even though possible legal remedies are no longer available.  *State ex rel. Ross v. State*, 102 Ohio St.3d 73, 2004-Ohio-1827, ¶ 5-6.

{¶ 9}   It is well-settled that one of the requirements for a writ of mandamus to issue is that the relator must demonstrate he has no adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).  Further, a relator must demonstrate the lack of an adequate remedy in the ordinary course of law in order to be entitled to a writ of procedendo.  *State ex rel. Dawson v. Summit Cty. Court of Common Pleas*, 146 Ohio St.3d 435, 2016-Ohio-1597, ¶ 6.  An appeal constitutes a plain and adequate remedy in the ordinary course of the law.  *See State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167 (1983).  When relator failed to appeal the March 25, 2015 entry, he failed to exercise a plain and adequate remedy in the ordinary course of the law that bars this mandamus action.  Further, relator cannot demonstrate the lack of an adequate remedy in the ordinary course of the law and a writ of procedendo is unavailable.

{¶ 10} Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein.  On review of the magistrate's decision, an independent review of the record and applicable law, we overrule relator's objection, grant respondent's motion to dismiss, and dismiss this action.

*Respondent's motion to dismiss granted;*
*action dismissed.*

KLATT, P.J. and BRUNNER, J., concur.

McGRATH, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

————————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| The State ex rel. Kendric Bonner, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-271 |
| | : | |
| Judge: Mark Serrott, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on July 19, 2018

*Kendric Bonner,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

### IN MANDAMUS AND/OR PROCENDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 11} In this original action, relator, Kendric Bonner, an inmate of the Pickaway Correctional Institution ("PCI"), requests a writ of mandamus and/or procedendo ordering respondent, the Honorable Mark Serrott, a judge of the Franklin County Court of Common Pleas, to vacate his sentencing entry filed March 25, 2015 in common pleas case No. 92CR-5290 which modified a prior sentencing entry, and to enter a new sentencing order that presents a final appealable order.

Findings of Fact:

{¶ 12} 1.   On March 19, 2015, this court issued its written decision in *State v. Bonner,* 10th Dist. No. 14AP-611, 2015-Ohio-1010, regarding an appeal filed by relator in this court challenging the trial court's July 10, 2014 denial of his June 5, 2014 motion for a final appealable order.

{¶ 13} 2.  In this court's March 19, 2015 written decision, this court concluded:

> Because the modified judgment entry is not a final appealable order, and because defendant filed an appeal from the trial court's order denying his motion for a final appealable order instead of filing a complaint for a writ of mandamus and/or procedendo, we lack jurisdiction to resolve this appeal. Therefore, the appeal is dismissed for lack of a final appealable order.

{¶ 14} 3. On March 20, 2015, this court filed its judgment entry in case No. 14AP-611:

> For the reasons stated in the decision of this court rendered herein on March 19, 2015, the appeal does not present a final and appealable order. Therefore, it is the judgment and order of this court that this appeal is sua sponte dismissed for lack of a final appealable order.

{¶ 15} 4. On March 23, 2015, respondent rendered his entry later filed in the common pleas court on March 25, 2015 in response to this court's written decision. Respondent's March 25, 2015 entry states:

> This matter is before the Court upon the Defendant's Motion for a Final Appealable Order and upon the Dismissal of the Defendant's Appeal of his sentence. In the Appeal, the Court of Appeals ruled that the prior Judge's entry did not constitute a final appealable order. State v. Bonner 2015-Ohio-1010 (Fr. Co. App.) The Court of Appeals opinion indicated that this Court should prepare a corrected entry complying with Crim. R. 32(C) or indicating the Defendant could file a writ of Mandamus and/or Procedendo. Id. ¶ 29. Therefore, the Court enters the following modified Judgment Entry.
>
> * * *
>
> Based upon all the foregoing, the Court pursuant to Crim. R. 36, having reviewed all the legal requirements, then existing, for imposing sentences and upon the direction of

the Court of Appeals in 2015 corrects and modifies the previous entries as follows:

[One] The Defendant is sentenced to fifteen (15) years to life on Count One, to be served consecutive to an additional three (3) years for the Firearm Specification, for a total of eighteen (18) years to life,

[Two] The Defendant is sentenced to eight (8) to fifteen (15) years on Count Two, to be served consecutive to the sentenced [sic] imposed on Count One,

[Three] The Defendant's aggregated sentence on both counts is eighteen (18) years to life to be served consecutive to eight (8) years to fifteen (15) years all to be served at the Ohio Department of Rehabilitation and Corrections.

{¶ 16} 5. On April 17, 2018, over two years after respondent's March 25, 2015 entry, relator filed this original action seeking a writ of mandamus and/or procedendo. In this action, relator claims that respondent's March 25, 2015 entry is invalid and that this court should order respondent to vacate the March 25, 2015 entry and to enter a new entry that will provide relator with a final appealable order.

{¶ 17} 6. On May 18, 2018, respondent filed a motion to dismiss.

{¶ 18} 7. On May 29, 2018, relator filed what he calls a "reply" to respondent's motion to dismiss.

{¶ 19} 8. This action is now before the magistrate on respondent's May 18, 2018 motion to dismiss.

Conclusions of Law:

{¶ 20} Because relator cannot bring this original action as a substitute for an appeal from respondent's March 25, 2015 entry, an appeal that relator failed to bring, it is the magistrate's decision that this court deny relator's request for a writ of mandamus and/or procedendo, as more fully explained below.

### Pertinent Law—Mandamus

{¶ 21} It is well-settled that, in order for a writ of mandamus to issue, the relator must demonstrate: (1) that he has a clear legal right to the relief requested, (2) that the respondent is under a clear legal duty to perform the act, and (3) that relator has no plain

and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

### Pertinent Law—Procedendo

{¶ 22} Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Miley v. Parrott,* 77 Ohio St.3d 64 (1996); *State ex rel. Sherrills v. Common Pleas,* 72 Ohio St.3d 461 (1995).

{¶ 23} A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Miley* at 65, citing *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna*, 73 Ohio St.3d 180 (1995).

{¶ 24} To be entitled to a writ of procedendo, the relator must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Dawson v. Summit Cty. Court of Common Pleas,* 146 Ohio St.3d 435, 2016-Ohio-1597, ¶ 6.

{¶ 25} A writ of procedendo will not issue to compel the performance of a duty already performed. *State ex rel. Morgan v. Fais,* 146 Ohio St.3d 428, 2016-Ohio-1564.

### Pertinent Law—Motion to Dismiss

{¶ 26} A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995), citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).

{¶ 27} In reviewing the complaint, the court must take all of the material allegations as admitted and construe all reasonable inferences in favor of the non-moving party. *Id.*

{¶ 28} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975), syllabus.

### Judicial Notice

{¶ 29} This court can take judicial notice of court documents relating to relator's action. *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229. It can be

noted that relator appended to his complaint a copy of respondent's March 25, 2015 entry. This court can take notice of its own judgment entry filed in case No. 14AP-611 on March 20, 2015. Likewise, this court can take notice of its own March 19, 2015 written decision in case No. 14AP-611.

## Analysis

{¶ 30} As respondent correctly points out, relator could have taken a direct appeal to this court from the March 25, 2015 entry of respondent that resentenced him. Thus, relator failed to exercise a plain and adequate remedy in the ordinary course of the law that bars this mandamus action.

{¶ 31} The writ of procedendo also requires the relator to show the lack of an adequate remedy in the ordinary course of the law.

{¶ 32} Again, relator cannot show the lack of an adequate remedy in the ordinary course of the law and, thus, a writ of procedendo is not available to relator.

{¶ 33} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion to dismiss.


/S/ MAGISTRATE
KENNETH W. MACKE


## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).