[Cite as *State ex rel. Weeks v. Phipps*, 2021-Ohio-2279.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Zachary A. Weeks, | : | |
| Relator, | : | |
| v. | : | No. 20AP-383 |
| [Honorable] Judge [Karen] Held Phipps, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on July 1, 2021

---

**On brief:** *Zachary A. Weeks*, pro se.

**On brief:** [*G. Gary* Tyack], Prosecuting Attorney, and *Ashley M. Wnek,* for respondent.

---

IN MANDAMUS OR PROCEDENDO
ON OBJECTIONS

BROGAN, J.

{¶ 1} Relator, Zachary A. Weeks, an inmate in the custody of the London Correctional Institution, commenced on August 11, 2020 this original action seeking a writ of "mandamus/procedendo" to compel respondent, Judge Karen Held Phipps of the Franklin County Court of Common Pleas, to "specify the number of jail time credit in order to [fulfill] the trial court's duty, or to show cause at a specific time and place [why she] has not done so." (Compl. at 2.)

{¶ 2} On August 24, 2020, respondent filed a Civ.R. 12(B)(6) motion to dismiss relator's complaint on grounds that he did not have a right to the requested relief since res judicata bars a review of relator's claims and relator had an adequate remedy at law, thereby precluding the availability of extraordinary writs.

{¶ 3}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision including findings of fact and conclusions of law, which is appended hereto.  The magistrate concluded the trial court had already performed her duty as to relator's motions on this jail-time credit issue; relator had an (unused) remedy at law by way of appeal of the trial court's judgments denying his motions; and, alternatively, the doctrine of res judicata also precluded relator's use of mandamus and procedendo, as relator had the opportunity to raise any error in the trial court's calculation of jail-time credit through an appeal of the two judgments denying his successive motions for jail-time credit, but failed to do so.  Therefore, the magistrate recommended this court grant the motion to dismiss.

{¶ 4}   Relator filed objections to the magistrate's decision on October 21, 2020.  On January 14, 2021, relator filed a motion stating he "is within months of completing his unlawful sentence" without further information about his release.  (Motion.)  Neither party filed updated information as to relator's status in prison.

{¶ 5}   "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.  In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d). "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification."  Civ.R. 53(D)(4)(b).

{¶ 6}   Here, relator first refers to the magistrate's statement, "[t]he [Trial] Court [in its July 15, 2019 Judgment Entry] noted that jail time credit was applied to all three [underlying criminal] cases."  (Objs. at 1.)  Although relator agrees this statement is correct, he essentially contends it does not go far enough to address the crux of the jail-time credit issue.  Relator argues that if the magistrate had reviewed the trial court's judgment in its entirety, the magistrate would have seen that the trial court judge ran his three criminal cases (Nos. 13CR-819, 12CR-1052, 11CR-3431) concurrently but failed to show how many of relator's (asserted) 553 days of jail-time credit were applied to case Nos. 12CR-1052 and 11CR-3431 specifically.  In relator's opinion, the trial court has a duty to specify the jail-time credit applied to those cases, and when that information is known relator believes he could then determine whether the 67 days of jail-time credit applied in case No. 13CR-819 is

correct. Otherwise, relator contends he could end up serving more than a year more in jail than he should have. In relator's view, this is an injustice that rendered the magistrate's application of the doctrine of res judicata inappropriate. He therefore argues we should issue a writ of mandamus in case Nos. 12CR-1052 and 11CR-3431 ordering the trial court to state in a journal entry the number of jail-time credit days he is entitled to in those two cases.

{¶ 7} Relator's objection raises arguments that he did not include in his complaint or his response to respondent's motion to dismiss. As discussed in more detail by the magistrate, relator's complaint took issue with the trial court "summar[ily] deny[ing]" his motions for jail-time credit in case No. 13CR-819. (Compl. at 1.) He alleged he was entitled in that case to credit for incarceration prior to conviction and sentence and the trial court had "a clear legal duty to properly calculate and state the correct number of days [he] was incarcerated prior to conviction and sentence." (Compl. at 1.) Neither in his complaint nor in his response to respondent's motion to dismiss did relator seek a writ pertaining to entries in case Nos. 12CR-1052 and 11CR-3431.

{¶ 8} Turning to the matter raised in relator's complaint, in case No. 13CR-819 the trial court did specify the number of days of jail-time credit in its original sentencing entry. " 'Neither procedendo nor mandamus will compel the performance of a duty that has already been performed.' " *State ex rel. Lockhart v. Whitney*, 130 Ohio St.3d 95, 2011-Ohio-4896, ¶ 2, quoting *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000).

{¶ 9} To the extent relator is essentially contending the trial court improperly calculated his jail-time credit in case No. 13CR-819, he likewise has not demonstrated a writ is warranted in this case. He acknowledges he never appealed the judgment entry in case No. 13CR-819 that specified his jail-time credit, and subsequently did not appeal his two previous unsuccessful motions for additional jail-time credit filed in the trial court. Relator does not contest the magistrate's conclusion that he already had a remedy at law by way of appeal of the trial court's judgments denying his motions for jail-time credit. *State v. Mohamood*, 10th Dist. No. 17AP-756, 2018-Ohio-3388, ¶ 10 ("Jail-time credit determinations can be challenged in a direct appeal."). *See, e.g, State v. Myers*, 10th Dist. No. 20AP-59, 2021-Ohio-1037, ¶ 1, 15-16 (entertaining appeal from a trial court judgment denying his motion for jail-time credit in two underlying criminal cases).

**{¶ 10}** Having undertaken an independent review as to the objected matters, we find the magistrate properly determined the factual issues and appropriately applied the law pursuant to Civ.R. 53(D)(4)(d). Relator's objections are overruled, and we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss and this action is hereby dismissed.

*Objections overruled;*
*motion to dismiss granted; action dismissed.*

BROWN and LUPER SCHUSTER, JJ., concur.

BROGAN, J., retired, of the Second Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____

**A P P E N D I X**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Zachary A. Weeks, | : | |
| Relator, | : | |
| v. | : | No. 20AP-383 |
| [Honorable] Judge [Karen] Held Phipps, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 9, 2020

*Zachary A. Weeks*, pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Ashley M. Wnek,* for respondent.

IN MANDAMUS OR PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 11} Relator, Zachary A. Weeks, has filed this original action seeking either a writ of mandamus or procedendo ordering respondent, the Honorable Judge Karen Held Phipps, to grant him jail time credit.

Findings of Fact:

{¶ 12} 1. Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio.

{¶ 13} 2. Relator is a prisoner incarcerated at London Correctional Institution.

{¶ 14} 3. Relator filed his complaint in mandamus or procedendo with this court on August 11, 2020.

{¶ 15}  4.  The complaint alleges the following: (1) relator is a defendant in case No. 13CR-819, in the Franklin County Court of Common Pleas;  (2)  on July 1,  2014  and June 18, 2019, relator filed motions for jail time credit in case No. 13CR-819; and (3) on August 21, 2014 and July 15, 2019, the court issued judgment entries denying such jail time credit without specifying the number of days he was incarcerated.

{¶ 16}  5. On May 30, 2014, in case No. 13CR-819, the court issued a judgment entry finding relator guilty of several charges, sentencing him to a term of imprisonment, and ordering 67  days  of jail  time  credit, plus credit for any time served while awaiting transportation to the institution. Relator did not appeal this judgment.

{¶ 17}  6. On July 1, 2014, in case No. 13CR-819, relator filed a motion for jail time credit, seeking 485 days of jail time credit for time served from January 27, 2013 to May  30, 2014.  In an August 21, 2014 decision and entry, the court denied the motion finding he was not entitled to such credit. Relator did not appeal this judgment.

{¶ 18}  7.  On June 18, 2019, in case No.  13CR-819, relator filed a motion for jail time credit, seeking 489 days of jail time credit for time served from January 30, 2013 to June  4, 2014.  In a July 15, 2019 decision and entry, the trial court denied the motion finding that, in addition to the sentence on May 30, 2014 in case No. 13CR-819, the court resentenced relator in case Nos. 11CR-3431 and 12CR-1052, both of which were terminated as time served. The court noted that jail time credit was applied to all three cases. Relator did not appeal this judgment.

{¶ 19}  8. On August 24, 2020, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), based on res judicata and the availability of an adequate remedy at law.

Conclusions of Law and Discussion

{¶ 20}  For the reasons that follow, it is this magistrate's recommendation that this court dismiss relator's complaint.

{¶ 21}  In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to

judgment. *Id.* An "inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 22} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 23} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12. This same standard applies in cases involving claims for extraordinary relief. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, ¶ 2.

{¶ 24} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. Mcintosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 2oi.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 25} Under the doctrine of res judicata, any issue that could have been raised on direct appeal, and yet was not, is not subject to review in subsequent proceedings. *State v.*

*Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16. Res judicata will preclude an original action in procedendo or mandamus when the issue raised in the original action was raised or could have been raised in a prior appeal. *State ex rel. Dawson v. Summit Cty. Court of Common Pleas*, 146 Ohio St.3d 435, 2016-Ohio-1597, ¶ 9; *State ex rel. Ellis v. LaRose*, 7th Dist. No. 19 MA 0057, 2020-Ohio-1192, ¶ 9. The doctrine of res judicata also applies to successive motions for jailtime credit that raise the same errors. *State v. Bryant*, 10th Dist. No. 19AP-241, 2020-Ohio-363, ¶ 22 (noting as generally sound the proposition that even though R.C. 2929.19(B)(2)(h)(iii) saves motions asserting errors regarding jail time credit from the initial reach of res judicata, successive motions asserting the same errors will nonetheless be considered res judicata).

{¶ 26} In addition, "neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 27} The Supreme Court of Ohio has held that the availability of an appeal is an adequate remedy at law sufficient to preclude a writ of mandamus or procedendo. *State ex rel. Davies v. Schroeder*, __ Ohio St.3d __, 2020-Ohio-1045, ¶ 10; *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, ¶ 8. The availability of an appeal is an adequate remedy even if the relator fails to pursue the appeal. *Davies* at ¶ 10, citing *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 579 (2001), and *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, ¶ 5.

{¶ 28} In the present case, relator acknowledges in his petition his two previous unsuccessful motions filed in the trial court. In those motions, relator claimed he was entitled to additional jail time credit for essentially identical periods, and the court rejected those claims. These facts provide three different grounds for granting respondent's motion to dismiss. Initially, the trial court has already addressed relator's motions on the same issue of jail time credit and issued two final judgments on the motions, and neither procedendo nor mandamus compels the performance of a duty that has already been performed. Although relator faults the trial court for failing to specify his jail time credit in its two judgments denying his motions, the trial court was under no duty to again specify the jail time credit in those judgments. The court had already ordered a specific jail time

credit in the original sentencing judgment; thus, that original finding remained the court's determination on that issue. Furthermore, relator had an adequate remedy at law by way of appeal of the trial court's judgments denying his motions. Relator's failure to take advantage of his appellate remedy does not entitle him to extraordinary relief to relitigate the matter.  Finally, the doctrine of res judicata also precludes relator's use of mandamus and procedendo, as relator had the opportunity to raise any error in the trial court's calculation of jail time credit through an appeal of the two judgments denying his successive motions for jail time credit, but he failed to do so.

{¶ 29} Accordingly, the magistrate recommends this court grant respondent's motion to dismiss relator's complaint for a writ of mandamus or procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).